IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**MICHAEL CURTIS,**

    **Plaintiff,**

v.                                      **Case No. 2:14-cv-24624**

**OFFICER JUSTIN CLOSE, OFFICER JASON BRAGG,
OFFICER BRANDON LEAZURE and MAJOR ROBERT RHODES,
in their individual capacities, and
WARDEN DAVID BALLARD and COMMISSIONER JIM RUBENSTEIN,
in their individual and official capacities,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

    This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court are a Motion for Temporary Restraining Order (ECF No. 4-2), and two Motions for Preliminary Injunction (ECF Nos. 4-3 and 7-2), filed by the plaintiff. Also pending is the defendants' Motion to Dismiss Plaintiff's Official Capacity Claims (ECF No. 19).

    For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY AS MOOT** the plaintiff's motions for preliminary injunctive relief (ECF Nos. 4-2, 4-3 and 7-2), and **GRANT** the defendants' Motion to Dismiss Plaintiff's Official Capacity Claims (ECF No. 19).

On August 12, 2014, the plaintiff filed a Complaint under 42 U.S.C. § 1983 alleging that defendants Close, Bragg and Leazure used excessive force against him in violation of his Eighth Amendment rights when they twice deployed pepper spray into his cell on April 11, 2014. The Complaint further alleges that defendants Ballard, Rhodes and Rubenstein, as supervisors, have permitted the pervasive use of excessive use of force against inmates on the segregation units at the Mount Olive Correctional Complex ("MOCC"), and have failed to properly investigate, train, supervise and discipline their subordinates who have engaged in such conduct. The plaintiff contends that their deliberate indifference to this substantial risk of harm proximately caused his constitutional injury.

### A. Motions for Preliminary Injunctive Relief.

On April 16, 2015, the plaintiff filed a document that was construed, *inter alia*, as a three-part motion: a Motion for Appointment of Counsel (ECF No. 4-1) (which has been addressed by separate Order), a Motion for Temporary Restraining Order (ECF No. 4-2), and a Motion for a Preliminary Injunction (ECF No. 4-3).[1] In that motion, the plaintiff contends that correctional officers are assaulting older and weaker inmates, such as himself, and that he is in constant pain and suffering and fears for his safety due to alleged physical and sexual assaults and other misconduct by these correctional officers, against whom no disciplinary action has been taken, despite grievances having been filed by the plaintiff to alert supervisors of this misconduct. Thus, the plaintiff requests a Temporary Restraining Order against these officers and placement in protective custody, with no inmate contact and supervised and video-recorded staff contacts. (ECF No. 4 at 3).

---

[1] This document also requested docket sheets in the instant case and in Case No. 2:12-cv-07885, another civil action filed by the plaintiff. This document also discussed issues in the Case No. 2:12-cv-07885 (a matter which is now closed), which will not be further addressed herein.

On May 4, 2015, the plaintiff filed another document which was construed as a Letter-Form Motion for Docket Sheet (ECF No. 7-1), Motion for Preliminary Injunction (ECF No. 7-2), and a Motion for Status Conference (ECF No. 7-3). The motions for a docket sheet and a status conference have been addressed in a separate Order. The second Motion for Preliminary Injunction again requests "immediate placement into safe keeping facility due to severe fear of my personal bodily harm and safety." (ECF No. 7 at 2). He reiterates his request for no inmate contacts and supervised and video-taped staff contacts. (*Id.*)

Since the filing of these motions, the plaintiff has been transferred from MOCC to the Huttonsville Correctional Center ("HCC"), which is within the jurisdiction of the United States District Court for the Northern District of West Virginia. Based upon the plaintiff's transfer, his requests for all forms of declaratory and injunctive relief are now moot.

The power of the federal courts to adjudicate claims turns on the existence of a case or controversy. U.S. Const., art. III, § 2; *Daimler-Chrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). "When a case or controversy ceases to exist because the issue is no longer live or a party 'lack[s] a legally cognizable interest in the outcome[,]' preventing the court from granting effective relief, the claim becomes moot, and the court lacks the constitutional authority to adjudicate the issue." *Taylor v. Riverside Regional Jail Authority*, 2011 WL 6024499 *4 (E.D. Va., Dec. 2, 2011) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969) and *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)).

As noted in *Taylor*, well-established Fourth Circuit precedent has recognized that "the transfer or release of an inmate from the facility where he suffered the challenged conditions 'moots his claims for injunctive and declaratory relief' pertaining to his

imprisonment." 2011 WL 6024499 at *4; *see also Rendellman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) ("as a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there.") For these reasons, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's requests for preliminary injunctive relief contained in ECF Nos. 4 and 7 and the claims for declaratory and injunctive relief made in his Complaint (ECF No. 2) must be denied as moot, and those claims must be dismissed.

In light of the plaintiff's transfer to a facility located within the United States District Court for the Northern District of West Virginia, this court lacks jurisdiction over the plaintiff's custodian. Thus, if the plaintiff should wish to seek any further injunctive relief based upon the conditions of confinement in his current facility, he must pursue such relief in the United States District Court for the Northern District of West Virginia after exhausting the available administrative remedies.

Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY AS MOOT** the plaintiff's Motions for Temporary Restraining Order and Preliminary Injunction (ECF Nos. 4-2, 4-3 and 7-2).

### B. Official Capacity Claims.

Defendants Close, Bragg and Leazure have also filed a Motion to Dismiss Plaintiff's Official Capacity Claims against them (ECF No. 19) and a Memorandum of Law in support thereof (ECF No. 20). Although the defendants' Memorandum of Law notes that the style and body of the Complaint indicate that the plaintiff was suing these three defendants in only their individual capacities, the Memorandum of Law further indicates that, in correspondence to defense counsel, the plaintiff has indicated that he is, in fact, suing

these defendants in both their individual and official capacities. As noted above, the Complaint further indicates that defendants Ballard, Rhodes and Rubenstein have been sued in both their individual and official capacities.

In *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true, and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. * * *
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

5

556 U.S. at 678-79. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Id.* at 678.

The defendants' motions will be reviewed under Rule 12(b)(6) of the Federal Rules of Civil Procedure and the *Twombly/Iqbal* standard. Furthermore, as noted recently in *Haley v. Virginia Dep't of Health*, 4:12-cv-0016, 2012 WL 5494306, at *2 n.2 (W.D. Va. Nov. 13, 2012), "[t]he Fourth Circuit has not resolved whether a motion to dismiss based on the Eleventh Amendment is properly considered pursuant to Rule 12(b)(1) or Rule 12(b)(6) . . . The recent trend, however, appears to treat Eleventh Amendment immunity motions under Rule 12(b)(1) [which provides for the dismissal of claims over which the court lacks subject matter jurisdiction]."

These defendants assert that, to the extent that the plaintiff has brought claims against them in their official capacities, any claims for monetary damages cannot survive because, neither a state, nor its officials acting in their official capacities, are "persons" under the civil rights statutes. In *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), the Supreme Court stated:

> Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself. We see no reason to adopt a different rule in the present context, particularly when such a rule would allow petitioner to circumvent congressional intent by a mere pleading device.
>
> We hold that neither a State nor its officials acting in their official capacities are "persons" under § 1983. The judgment of the Michigan Supreme Court is affirmed. [Citations omitted].

Furthermore, pursuant to the Eleventh Amendment to the United States Constitution, the power of the federal judiciary does not extend to suits by a citizen of one

state against another, or to suits by a citizen against his or her own state. *Hans v. Louisiana*, 134 U.S. 1, 9 (1980). Thus, the Eleventh Amendment of the United States Constitution bars a suit in a federal court by private parties seeking to impose monetary liability upon a State or State officials, which may be paid from public funds in the state treasury. *Quern v. Jordan*, 440 U.S. 332, 337 (1979). Absent consent, federal suits against a state by a citizen of that state or another state are prohibited by the Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159, 199 (1985); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99-100 (1984). This authority is also applicable to defendants Ballard, Rhodes, and Rubenstein, to the extent that they have been sued for monetary damages in their official capacity

For these reasons, the undersigned proposes that the presiding District Judge **FIND** that all of the defendants are immune from liability for monetary damages in their official capacities under the Eleventh Amendment and, in their official capacities, are not persons who can be sued under 42 U.S.C. § 1983. Accordingly, such claims must be dismissed. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the Motions to Dismiss Plaintiff's Official Capacity Claims filed by defendants Close, Bragg and Leazure (ECF No. 19), extend the same analysis to the official capacity claims against defendants Ballard, Rhodes and Rubenstein, and dismiss the plaintiff's claims for monetary damages against all of these defendants in their official capacities. It is further respectfully **RECOMMENDED** that the presiding District Judge leave this matter referred to the undersigned Magistrate Judge for additional proceedings concerning the plaintiff's claims against all of the defendants in their individual capacities.

7

The plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

February 11, 2016

Dwane L. Tinsley
United States Magistrate Judge