IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**MICHAEL CURTIS,**

    **Plaintiff,**

v.                                       Case No. 2:14-cv-24624

**OFFICER JUSTIN CLOSE, OFFICER JASON BRAGG,
OFFICER BRANDON LEAZURE and MAJOR ROBERT RHODES,
WARDEN DAVID BALLARD and COMMISSIONER JIM RUBENSTEIN,
in their individual capacities,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is the defendants' Motion to Dismiss Complaint (ECF No. 37). For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the defendants' motion and **DISMISS** this civil action from the docket of the court, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## PROCEDURAL HISTORY

On August 12, 2014, the plaintiff filed a Complaint under 42 U.S.C. § 1983 alleging that defendants Close, Bragg and Leazure used excessive force against him in violation of his Eighth Amendment rights when they twice deployed pepper spray into his cell on April 11, 2014. The Complaint further alleges that defendants Ballard, Rhodes and Rubenstein,

as supervisors, have permitted the pervasive use of excessive use of force against inmates on the segregation units at the Mount Olive Correctional Complex ("MOCC"), and have failed to properly investigate, train, supervise and discipline their subordinates who have engaged in such conduct.  The plaintiff contends that their deliberate indifference to this substantial risk of harm proximately caused his constitutional injury.  The plaintiff was subsequently transferred to the Huttonsville Correctional Center ("HCC"), and then to the Northern Correctional Facility ("NCF").

On February 11, 2016, the undersigned entered a Time Frame Order setting a discovery deadline of August 1, 2016, and a deadline for dispositive motions of September 1, 2016.  (ECF No. 22).  On March 24, 2016, the undersigned conducted a status conference with the parties, in which the plaintiff participated by video from NCF.  (ECF No. 27).  On May 27, 2016, the undersigned granted the defendants' motion for leave to take the plaintiff's deposition.  (ECF No. 34).  The defendants also attempted to serve written discovery requests on the plaintiff at NCF.  (ECF Nos. 35, 36 and 39).

However, as noted in the defendants' Memorandum of Law in support of their Motion to Dismiss, the defendants subsequently determined that the plaintiff discharged his sentence and had been released from the custody of the West Virginia Division of Corrections on July 30, 2016.  The plaintiff has not advised the defendants or the court of his release and any updated contact information, as required by Local Rule 83.5 of the Local Rules of Civil Procedure for the United States District Court for the Southern District of West Virginia.  (ECF No. 38 at 2).  Accordingly, the parties and the court have no knowledge of the plaintiff's present whereabouts or his interest in pursuing this matter.

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure provides for the dismissal of an action for the plaintiff's failure to prosecute or to comply with the court's rules or orders. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *see also McCargo v. Hedrick*, 545 F.2d 393 (4th Cir. 1976). However, in determining whether such a harsh sanction is appropriate, the court must balance the following factors: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978).

Upon the plaintiff's release from prison, he did not update the court with his contact information. Accordingly, despite efforts to do so, the defendants have been unable to take the plaintiff's deposition and engage in written discovery and, thus, have been prejudiced in their ability to defend this matter. It appears that the plaintiff no longer wishes to pursue this case and the responsibility for the delay in the progress thereof falls entirely on the plaintiff. Therefore, dismissal appears to be the only appropriate sanction.

The undersigned proposes that the presiding District Judge **FIND** that the plaintiff has wholly failed to prosecute this civil action. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this matter for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the other parties and Judge Goodwin.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

May 8, 2017

Dwane L. Tinsley
United States Magistrate Judge